**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JOSE GEHOVANNY ALONZO PORTILLO and
EVIN SANTIAGO ALONZO PORTILLO

Petitioners,

v. CIVIL ACTION NO. 3:26-0543

DAVID VENTURELLA,
Acting Director, United States Immigration and Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General,
DAVID KLUEMPER,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**ORDER**

Pending before the Court is the Government's Motion to Dismiss Petition for Mootness. ECF No. 9. Here, as in in *Ramirez v. Venturella*, No. 3:26-cv-00390 (S.D.W. Va. July 1, 2026), Petitioners are no longer in custody and do not now face civil immigration detention. Accordingly, this Motion is **GRANTED.**

Article III of the United States Constitution limits the judicial power of the federal courts to "Cases" and "Controversies." Art. III, § 2. "No principle is more fundamental to the judiciary's

proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).

Petitioners "challenge the legality of their ongoing civil immigration detention by the United States Department of Homeland Security and its officers." Pet. ¶ 4, ECF No. 1. They seek relief that "lies at the core of the writ of habeas corpus." *Id.* They do not challenge the grounds of their arrests or their state charges, to which they've pleaded guilty. *See* Gov's Mot. Dismiss ¶ 3.[1]

Considering this, the Court finds that there is no detention to free the Petitioners from and no habeas relief to grant. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (After release, some "collateral consequence . . . must exist if the suit is to be maintained."). The Petitioners have been released from custody. *See* Gov's Mot. Ext., ECF No. 7. The ICE detainers against them have been lifted. *See* Ex. 1 Gov's Mot. Dismiss, ECF No. 9-1. Whatever authority the state retains over them remains unchallenged and is not appropriate for this court to adjudicate.

Similarly, the Court declines to issue an advisory opinion on the actions federal agencies may take against these particular Petitioners after the resolution of their state charges. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423–24 (2021) ("Under Article III, federal courts do not adjudicate hypothetical or abstract disputes. Federal courts do not possess a roving commission

[1] The Government argues that the "voluntary cessation" exception to mootness doctrine is inapplicable here. It explains that ICE had "little choice" but to lift its detainer in order to logistically comply with the Court's Order. Gov.'s Mem. at 4 n.5, ECF No. 10.

The Court disagrees. The Government had the choice to enter a Notice of Cause to the Court at any time, allowing for prompt resolution of the matter. *See, e.g.*, *Rivera Santos et al v. Venturella et al.*, No. 3:26-cv-00551 (S.D. W. Va. Sep. 4, 2026). The Government first alleged probable cause existed on August 22, 2026, when it issued I-247A detainers. *See* Ex. 1 Gov's Mot. Dismiss at 2, 6, ECF No. 9-1. The Government could have entered notice of this cause before the I-247A detainers expired on September 2, 2026. *See id.*

However, the particular harm here—continued custody authorized by an I-247A detainer—cannot reasonably be expected to recur now that Petitioners are no longer in custody of Western Regional Jail and have received sentences of time served. Thus, the Government's voluntary cessation still moots this action. *See Porter v. Clarke*, 852 F.3d 358, 360 (4th Cir. 2017).

to publicly opine on every legal question. Federal courts do not exercise general legal oversight of the Legislative and Executive Branches, or of private entities. And federal courts do not issue advisory opinions.”).

Petitioners may file a new 28 U.S.C. § 2241 petition if they are illegally detained in the future and may attach to any request for expedited review a copy of this Order.

For the previously stated reasons, the Government’s Motion to Dismiss Petition for Mootness, ECF No. 9, is **GRANTED**; the Petition, ECF No. 1, is **DISMISSED**; and this case shall be closed and stricken from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 16, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE